IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORLANDO GREENE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2374-S-BN |
| | § | |
| VELOCITY PORTFOLIO GROUP INC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Orlando Greene filed a *pro se* civil complaint against three defendants, raising claims under two federal statutes: the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. *See* Dkt. No. 1.

Greene paid the filing fee and requested summonses. *See* Dkt. Nos. 3 & 5.

And the presiding United States district judge referred Greene's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

One defendant, Defendant Radius Global Solutions LLC ("RGS"), answered. *See* Dkt. No. 7; *see also* Dkt. No. 6 (advising Greene of his obligations (1) to properly serve or obtain a waiver of service from each defendant and (2) to prove, as to each defendant, service or waiver of service by January 24, 2024).

After RGS answered, the Court entered an order on February 13, 2024 [Dkt. No. 15]

first requiring Greene to show cause why his claims against the defendants other than RGS should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to prove service or waiver of service as required by the Court.

> As previously set out by the Court:
>> By paying the filing fee, Greene undertook the obligation to properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or to obtain a waiver of service from the defendant. *See* FED. R. CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).
>> And, as to each defendant, Greene must file with the Court a proof of service in accordance with Rule 4(*l*) or an executed waiver of service.
>> The Court further advises Greene that, if proper service is not made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before the 90th day after the filing of this action (on October 26, 2023) that is not a Saturday, Sunday, or legal holiday – which will be **January 24, 2024** – this case is subject to dismissal without prejudice unless Greene shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).
>
> Dkt. No. 6.
>
> Greene's written show cause response must be filed by **March 6, 2024**.

*Id.* at 1-2.

The Court's February 23 order then required, under Federal Rule of Civil Procedure 26(f), that Greene and RGS "confer in person, over the telephone, or through videoconferencing not later than March 6, 2024" and that they "submit a joint written Rule 26(f) report containing a proposed discovery plan, stating the

[their] views and proposals on [specified] matters" set out in the Court's order by March 13, 2024. *Id.* at 2-3.

That order further warned Greene and RGS "that failing to comply with any part of this order may result in the imposition of sanctions." *Id.* at 7.

On March 11, 2024, RGS filed a Rule 26(f) report, explaining that its counsel

> made at least 8 attempts by phone, email, and U.S. Mail, to schedule the Rule 26(f) conference with [Greene]. As of March 5, 2024, Plaintiff had not responded to Counsel's attempts to schedule the conference at a mutually available date and time. Therefore, RGS's Counsel unilaterally set the conference for March 6, 2024 at 11:00 AM. Counsel joined the conference line at 11:00 AM, emailed Plaintiff at 11:09 AM when he had not appeared, and waited on the line until 11:16 AM – Plaintiff never appeared for the conference. Attached as Exhibit 1 are true and correct copies of Counsel's attempts to schedule the conference with Plaintiff. Plaintiff has refused to participate in the Rule 26(f) conference or submit his portions of the Rule 26(f) report which was first circulated to him in draft form on February 27, 2024. Therefore, RGS requests the Court dismiss Plaintiff's claims against RGS.

Dkt. No. 16 at 1-2.

Considering this background, the undersigned enters these findings of fact, conclusions of law, and recommendation that, as applicable, the Court dismiss this lawsuit without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

## Discussion

Rule 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m),"

*Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules," *id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

That is, "a litigant's *pro se* status does not excuse failure to effect proper service," *Zellmar v. Ricks*, No. 6:17cv386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)), *rec. adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021), as "[t]he party effecting service has the burden of showing the validity of service," *Walker v. Forte*, No. 5:19cv158, 2021 WL 6930957, at *1 (E.D. Tex. Nov. 9, 2021) (citing *Sys. Signs Supplies*, 903 F.2d at 1013; *Matter of Arbitration Between Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997), *op. adopted*, 161 F.3d 314 (5th Cir. 1998)), *rec. adopted*, 2022 WL 468031 (E.D. Tex. Feb. 15, 2022); *see also Savage v. Reliance Mortg. Corp.*, No. 6:17-cv-00053-RP-JCM, 2018 WL 4702535, at *3 (W.D. Tex. June 7, 2018) ("[T]he right of self-representation does not exempt a party from compliance with the relevant rules of civil procedure." (citing *Kersh*, 851 F.2d at 1512)), *rec. accepted*, 2018 WL 4688785 (W.D. Tex. Aug. 27, 2018).

And "Rule 4 requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)). The court need not also guide a plaintiff "on how to effect proper service." *Id.*

Here, the Court not only provided Greene the required notice but also directed him to the proper provisions of Rule 4. *See* Dkt. No. 6. Yet, Greene has failed to effect proper service as to all defendants in the time allowed by the relevant rules and failed to request an extension of time to do so. The Court should therefore dismiss this lawsuit as to the defendants that have not appeared without prejudice under Rule 4(m).

Turning to Greene's claims against RGS and considering Greene's failure to comply with the Court's February 13 order by refusing to file a written response regarding service and by refusing to confer with RGS to prepare the court-ordered Rule 26(f) report, Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*

*Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with

- 6 -

prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

Greene's failure to comply with the Court's February 13 order **at all** warrants dismissal under Rule 41(b) without prejudice. Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Greene decides to obey the Court's orders or otherwise properly effect service or choose to comply with Rule 26(f), the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

It is not apparent based on the record here whether dismissal of this lawsuit without prejudice at this stage would effectively be a dismissal with prejudice – for

example, because a statute of limitations would prevent Greene's refiling these claims. But, insofar as this dismissal may somehow prejudice Greene, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (as further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice, as applicable, under Federal Rules of Civil Procedure 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE